IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RODNEY A. HURDSMAN §<br>aka Rodney Adam Hurdsman[1] §<br>(Williamson County SO# 15-16009) §<br>§<br>VS. §<br>§<br>JAMES MAYO, et al. § | CIVIL ACTION NO.4:15-CV-930-O |

### ORDER FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND ORDERING PLAINTIFF TO PAY FULL FEES

This civil action was initiated by the filing of a civil complaint by Williamson County Jail inmate Rodney A. Hurdsman aka Rodney Adam Hurdsman. The Court has determined that the referral in this matter should be withdrawn.[2]

Plaintiff, an inmate confined in the Williamson County Jail in Georgetown, Texas filed this action pursuant to 42 U.S.C. § 1983 and other federal causes of action against several deputy sheriffs of the Wise County Sheriff's Department in Wise County, Texas. *See* Compl.1-3, ECF No. 1. He seeks leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915. In forma Pauperis Mot. ECF No. 2. Section 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

---

[1] As Plaintiff has filed suits under the name "Rodney Adam Hurdsman," the Clerk of Court is directed to add this name to the docket.

[2] *See generally Sheppard v. Beerman,* 822 F.Supp. 931, 942 (E.D.N.Y. 1993) ("It is clear that a district court possesses the authority to withdraw a reference of pre-trial matters to a magistrate judge. Although neither Fed. R. Civ. P. 72 nor 28 U.S.C. § 636 addresses this question, a leading commentator sensibly observes that the district court retains the power to vacate its own orders, and consequently to withdraw all or part of a referral order")(citation and footnote omitted), *aff'd, in part, vacated, in part,* 18 F.3d 147 (2d Cir. 1994); and *Cooley v. Foti,* Civ.A. No. 86-3704, 1988 WL 10166, at *1 (E.D. La. Feb. 5, 1988) ("Although 636(c)(6) only delineates the standards upon which a court may vacate a § 636(c) reference, it is implicit in the statutory scheme, and a matter of common practice . . . that a district court also has the power to withdraw a § 636(b) reference").

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Three of Hurdsman's prior civil actions, each filed when he was incarcerated, have been dismissed as frivolous or for failure to state a claim. Those cases include the following: *Hurdsman, et al. v. Wright, et al.,* No.4:15-CV-090-KGB-JJV, 2015 WL 1932250 at **1, 3, 5-6, 7 (E. D. Ark. April 28, 2015) (Order adopting March 19, 2015 Findings and Recommendation to partially dismiss Plaintiff's claims that he received inadequate mental health care "without prejudice for failure to state a claim upon which relief may be granted"); *Kolcun and Hurdsman, v. Deer, et al.,* No. 5:98-CV-0157-C (W.D. Ok. Nov. 24, 1998) (Order adopting October 23, 1998 Report and Recommendation dismissing claims under 42 U.S.C. § 1983 arising from the Oklahoma County Detention Center for failure to state a claim upon which relief may be granted); and *Hurdsman v. Wackenhut Corporation, et al.,* (W.D. Tex. April 5, 1999) (Order adopting September 30, 1998 report and recommendation to dismiss complaint arising from the Travis County Community Justice Center for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)).[3] Plaintiff Hurdsman has also recently filed another case in this division, *Hurdsman v. Cadell*, No.4:15-CV-703-Y, and the Court notes that in that case District Judge Terry R. Means overruled Hursdman's objections to whether these same three prior cases qualified as "strikes" under 1915(g), to bar him from proceeding in-forma-pauperis. *Hurdsman v. Cadell*, No.4:15-CV-703-Y (Order entered December 9, 2015 [doc. 7]).

Review of the pleading filed in the instant case reflects that Plaintiff Hurdsman has failed to

---

[3] *See generally Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013) ("A district court's partial dismissal of a complaint as frivolous, malicious, or for failure to state a claim 'counts as a strike under 28 U.S.C. § 1915(g)'") (citing *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)).

present any allegation which could establish that he is under imminent danger of serious physical injury. Compl. 4-19. Therefore, if he wishes to pursue the instant claims, Plaintiff must pay the $350.00 filing fee and $50.00 administrative fee[4] (total fees of $400.00).

It is therefore **ORDERED** that the referral of this case is **WITHDRAWN**.

It is further **ORDERED** that Plaintiff Rodney A Hursdman aka Rodney Adam Hurdsman is not entitled to proceed *in forma pauperis* in this action. If plaintiff Hurdsman wishes to proceed with this action, he must pay to the clerk of Court the full filing and administrative fees of $400.00 within fourteen (14) days of the date of this order.[5] Plaintiff is advised that failure to timely pay the full filing and administrative fees to the clerk of Court could result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).[6]

**SO ORDERED** on this **11th day** of **December, 2015.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[4] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

[5] As Plaintiff has previously been notified of the bar to filing under § 1915(g), the Court concludes that fourteen days is sufficient time to comply.

[6] *See Hickerson v. Christian*, 283 F. App'x. 251 (5th Cir. 2008) (A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (a court may dismiss for lack of prosecution under its inherent authority).